**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEE TALIAFERRO,**<br>**711 Greenhill Road,**<br>**Darby Township, Pa 19079** | : | |
| **SAMUEL C. ALEXANDER**<br>**641 Greenhill Road,**<br>**Darby Township, Pa 19079** | : | |
| **BEATRICE MOORE,**<br>**505 Anderson Avenue,**<br>**Folsom, PA 19033** | : | |
| **and** | : | |
| **BERNICE WILSON**<br>**2 Parkway Circle,**<br>**Broomall, PA 19008**<br>**Plaintiffs,** | : | |
| **v.** | : | **No.** |
| **DARBY TOWNSHIP ZONING BOARD,**<br>**21 Bartram Avenue,**<br>**Glenolden, PA 19036** | : | |
| **JOHN DOUGHERTY,**<br>**21 Bartram Avenue,**<br>**Glenolden, PA 19036**<br>**individually and as a member of the Darby Township Zoning Board** | : | |
| **JESSE BYRD-ESTES,**<br>**21 Bartram Avenue,**<br>**Glenolden, PA 19036**<br>**individually and as a member of the Darby Township Zoning Board** | : | |
| **LAMONT JACOBS,**<br>**21 Bartram Avenue,**<br>**Glenolden, PA 19036** | : | |

**individually and as a member of the Darby Township Zoning Board** :

**JOHN J. O NEILL,** :
**21 Bartram Avenue,** :
**Glenolden, PA 19036** :
**individually and as a member of the Darby Township Zoning Board** :

**WILLIAM RYAN** :
**21 Bartram Avenue,** :
**Glenolden, PA 19036** :
**individually and as a member of the Darby Township Zoning Board** :

**DARBY TOWNSHIP** :
**21 Bartram Avenue,** :
**Glenolden, PA 19036** :

**DELAWARE COUNTY REDEVELOPMENT AUTHORITY** :
**Delaware County Commerce Center,** :
**200 E. State Street,** :
**Media, PA 19063.** :

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** :
**451 7th Street S.W.,** :
**Washington, DC 20410.** :

**MAUREEN HEALY, AKA MAUREEN DILUZIO** :
**Address Unknown** :

**and** :

**JOHN DOE** :
**Defendants.** :

**COMPLAINT**

Plaintiffs bring this suit upon a cause of action of which the following is a statement:

INTRODUCTION

1. This case involves the condemnation and redevelopment of a property known as Project Area Number 2 of the Darby Township Redevelopment Project which is located at Hook Road and Burton Avenue in Darby Township, Delaware County, Pennsylvania.

**JURISDICTION AND VENUE**

2. Plaintiffs bring this suit pursuant to 42 U.S.C. Section 1981,1981, 42 U.S.C. Section 1983, 42 U.S.C. Section 1985, the Fair HousingHousing Act, the Federal Housing Act and the First and Fourth AmendmentsAmendments to the U.S. Constitution, as a result of which this CourtCourt has jurisdiction pursuant to 28 U.S.C. Section 1331, and divert jurisdiction. Defendants acting under color of law denied andand are threatening toand are threatening to deny plaintiffs rightand a FirstFirst andFirst and Fourteenth Amendments. The matters inFirst and Fourt in value the sum of $100,000 exclusive of interest and costs, and are nonmonetary claims as well. Supplementing jurisdiction under 2828 U.S.C. Section 1347 of the state l28 U.S.C. Section 1347 of the sta VenueVenue is appropriate in this district, since all of the parties resideReside in the district, and all of the actions complained of occurred within the district.

PARTIES

3. PlaintiffPlaintiff Lee M.Plaintiff Lee M. Taliaferro lives at 711P Darby Township, Pa 19079. He is an abutting owner to the subject property who appeared as a protestant-objector and was recognized asas a party in the Zoning Board proceedings relating to the property.

4. PlaintiffPlaintiff Samuel C.Plaintiff Samuel C. Alexander live Road,Road, Darby Township, Pa 19079. He is an abutting owner to the subjectsubject property who appeared assubject property who appeared recognized as a party in the Zoning Board proceedings relating to the property.

5.5. Plaintiff Beatrice Moore lives at 505 Anderson Avenue, Folsom,Folsom, PA 19033. She was an owner of property which was condemned for the Redevelopment Project on the subject property.

6.6. Plaintiff Bernice Wilson lives at 2 Parkway Circle, Broomall,Broomall, PA Broomall, PA 19008. Broomall, PA 19008. She w condemnedcondemned for the Redevelopment Projectcondemned for the Redevelopme owns two abutting properties on Greenhill Road.

7. Defendant Darby Township Zoning Board (the Board ), is anan agency of defendant Darby Townsan agency of defendant Darby Townshi responsibleresponsible forresponsible for the actions of its agencies. respo BoardBoard are both located at 21 Bartram Avenue, Darby Township (Glenolden Post Office), PA 19036.

8.8. Defendants John Dougherty, Jesse Byrd-Estes, Lamont Jacobs,Jacobs, John J. O Neill,Jacobs, John J. O Neill, and William Ryan ar andand have a business address of 21 Bartram Avenue, Darby Township (Glenolden Post Office), PA 19036.

9.9. The Delaware County Redevelopment Authority (DCRDA) is a CountyCounty Agency County Agency witCounty Agency with a business add Commerce Center, 200 E. State Street, Media, PA 19063.

10.10. The United States Department of Housing and Urban DevelopmentDevelopment (HUD) is a federal agency with a business address o 451 7th Street S.W., Washington, DC 20410.

11.11. Defe11. Defendan11. Defendant Maureen Healy is the cu subject property whose present address is unknown.

12.12. Defendant John Doe is an unknown participant in the conspiracyconspiracy who acted to orchestrate and/or further the goals of the conspiracy.

FACTS

13. PlaintiffsPlaintiffs sue as citizens and beneficiaries of the urban renewalrenewal plan and Title I Project Agreement, the redevelopment agreement,agreement, capital grant contract, and the reagreement, capit betweenbetween DCRDA, HUD, and First Urban Development Company ( First Urban ), to enforce the terms of those agreements.

14.14. Plaintiffs are former residents and14. Plaintiffs are former r Project Area Number 2 of the Darby Township Redevelopment Project

whichwhich is locatedwhich is located at Hook Road and Burton Avenuewhich is Delaware County, Pennsylvania.

15.15. The property was a residential neighborhood comprised largelylargely of African-Americanslargely of African-Americans and in which owned a home and plaintiffs Beatrice Moore and Samuel Alexander s parents owned homes.

16. In 1960, the DCRDA acquired the homes and properties of allall residents through condemnation as part of a Title I urban renewal project redevelopment plan. The residents were displaced and most were forced to move out of Darby Township.

17. The properties were taken and the community suffered in order to obtain the benefits of urban renewal, which provided for residentialresidential reuse of the prresidential reuse of the properesid beneficiaries.

18.18. DCRDA, Darby Towns18. DCRDA, Darby Township an18. DCRDA, Da RedevelopmentRedevelopment Plan and HUDRedevelopment Plan and HUD and DCRDA s them to implement the plan in 1960.

19.19. DCRDA transferred the lan19. DCRDA transferred the land developmentdevelopment development in accdevelopment in accordance with required residential construction.

20. In order to enable the DCRDA to achieve the objectives ofof the Plan and to make the land available foof the Plan and to make t privateprivate enterprises and in accordance with the uprivate enterprises

thethe plan, the Federal Government (through HUD)the plan, the Federal Governm providedprovided substantial aid and assistancprovided substantial aid and ContractsContracts for Capital Grant dated September 1, 1960 and February 6, 1962, respectively.

21.21. 21. The re21. The redevelopment agreement and the deed betw andand First Urban required First Urban to develop the property in accordanceaccordance with the plan, and specifically for residential purposes,purposes, andpurposes, and prohibited speculation inpurposes, and p thethe property at a profit prior to completing construction of the residential units.

22.22. First Urban never constructed the units, and sold the property to Charles Rappa, who has now sold it to defendant Healy who proposes to construct 700-800 self-storage units.

23.23. 23. HUD23. HUD and DCRDA havefailed to enforce the terms o contract requiring residential construction.

24.24. As third24. As third party beneficiaries, plaintiffs are entitl enforceenforce the terms of the redevelopment agreement, which was referencedreferenced in and incorporated into the deed to First Urban, and therefore part of the chain of title.

25. On information and belief, Healy had actual notice, to the extent such notice might be relevant, of the restrictions.

26.26. The condemnation of the properties displaced numerous African-American families and property owners.

27. OnOn information and belief, the TowOn information and beli MembersMembers and other persons conspired to inhibit and prevent the residential redevelopment of the property.

28. On information and belief, the defendants prevented the residentialresidential redevelopment ofresidential redevelopment of ther preventing the African-American population in Darby Township from expanding to ensure that whites maintained a majority to maintain control of the Township.

29.29. After preventing residential29. After preventing residential r 4040 years, the40 years, the defendants conspired to construct40 years, the c onon the property which would introduce a malignant commercial use in the center of the African American Community thereby breaking the community,community, discouraging growth of the community, destroying propertyproperty values,property values, and discouraging the neighbors,prop from staying in the Township.

30.30. The Ordinance prohibits self storage units in the district in which the property is located.

31.31. Therefore, a plan was devised by which Healy would purchase the property and the Board would approve a variance.

32. The Township advertised a hearing to consider the Healy applicationapplication in the newspaper but violated 53application in the whichwhich requires that notice of hearings for a variance be conspicuously posted on the affected tract of land. The property

was not conspicuously posted.

33.33. At the33. At the hearings it was apparent that33. At the hear toto be approved without conto be approved without considto be app application.

34.34. The Board repeatedly shouted down the34. The Board repeate were African-Americans and threatened to expel them from hearing.

35.35. The Board never threatened the applicant or her agents who are white.

36. The hearing was continued and at the second hearing the applicant presented a surprise expert witness.

37.37. The Board refused to grant the protestants requests (by letterletter before the hearing and by emergency counsel at the hearing) forfor a continuance despite the fact that counsel for the protestants was unable to attend the hearings because of previous attachments andand the need to retain an expert witness to rebut the testimony of the applicant s surprise witness.

38.38. The Board granted a38. The Board granted a use variance for Hea Hook Road and Burton Avenue in Darby Township on May 30, 2002.

39. TheThe variance allowed construction ofThe variance allowed constru units on a 9.4 acre property zoned residential and located in the RARA Residential and RC Residential zoning districts. The lot is completely surrounded by residential and park uses.

40. OnOn July 1, 2002,On July 1, 2002, PlaiOn July 1, 2002, Plai

filedfiled a timely land use appeal from the decision granting a variance which is incorporated by reference herein (Exhibit A).

41.41. Taliaferro and 41. Taliaferro and Ale41. Taliaferro AdditionalAdditional Evidence on September 3, 2002, Additional Evidence on AlexanderAlexander had been denied the opportunity to present evidence before the Board.

42.42. After briefs on the Motion and oral arg42. After briefs on t dateddated November 22, 2002, the Delaware County Court of Common Pleas grantgrantedgranted their Mgranted their Motion and remanded the case to additionaladditional eadditional evidadditional evidence and render a implicitlyimplicitly found that the Board had acted arbitrarily and capriciouslycapriciously in refusing the protestants the opportunity to prese evidence.

43.43. On remand, the Board acting 43. On remand, the Board acting heldheld additional hearings and, onheld additional hearings and, on May 8, thethe variance, which decisionthe variance, which decision was improper asth

**COUNT I - ENFORCEMENT OF REDEVELOPMENT AND THE REDEVELOPMENT CONTRACT**

44. The allegations of paragraphs 1 through 43 of this complaint are alleged herein as if fully set forth.

45.45. Any final agency action for which t45. Any final agency adequateadequate remedy inadequate remedy in a court is subject to judiciala

§ 704.

46.46. "A person suffering legal wrong because of agency action, oror adversely affected or aggrieved by agency action within the meaningmeaning ofmeaning of a relmeaning of a relevant statute, is enti thereof." 5 U.S.C. § 702.

47.47. The Redevelopment Agreement, deed of sale fr47. The Red RedevelopmentRedevelopment Authority, and Redevelopment Plan all requ residential redevelopment of the property.

48.48. On informatio48. On information a48. On information and b required residential redevelopment.

49.49. P49. Purs49. Pursuant to the National Housing Act, Executi 11063,11063, and the Fair Housing Act, the defendants were required to provide adequate housing, prevent discrimination, and promote the redevelopment of residential uses at the subject property.

50. DCRDA and HUD had the authority to regulate and require residential redevelopment.

51. ByBy failing to enforce the terms of the capital grant contractcontract and the redevelopment plan, HUD and the DCRDA have caused the plaintiffs to be wrongfully displaced from their homes and/or caused/permitted the oppression of the African-American community in Darby Township.

WHEREFORE,WHEREFORE, Plaintiffs request that the Court issue a permanent injunction preventing use of the property for purposes other than

thethe residential use specthe residential use specifithe residential use

Agreement,Agreement, unless and until the constrAgreement, unless and unti

andand completed and a certificate ofand completed and a certificate of comp

with the Redevelopment Agreement.

**COUNT II - 42 U.S.C.A. § 1983**

52. The allegations of paragraphs 1 through 51 of this complaint are alleged herein as if fully set forth.

53.53. At all times relevant hereto, the defendant Board members,members, the Board, the Township, DCRDA, and HUD were state actors and were acting under their authority as public officials.

54.54. At all times relevant hereto, defendants Healy and Doe werewere acting in concert with the other defendants as state actors whowho were acting under their authority as public officials. Doewho were ac be a public official.

55.55. Plaintiffs have right to equal protection and to equal enforcementenforcement under theenforcement under the laws, substantive and andand to protection of their property which are secured by the CoConstitutionConstitution and the laws of the United States, and defenda conduct deprived plaintiffs of their rights.

WHEREFORE,WHEREFORE, Plaintiffs request that the Court issue a permanent injunction preventing use of the property for purposes other than

specspecifiedspecified specified in the plan of the Redevelopment Agreemen untiluntil the construction has been undertaken and completed and a certificatecertificate of completion issuecertificate of completion Redevelopment Agreement.

**COUNT III - 42 U.S.C.A. § 1981**

56. The allegations of paragraphs 1 through 55 of this complaint are alleged herein as if fully set forth.

57.57. Plaintiffs 57. Plaintiffs are57. Plaintiffs are Afr African-AmericanAfrican-American community that waAfrican-American commun property and whose homes abut the property.

58.58. As explained supra, the defendants acted with the intent toto discriminate against plaintiffs and the African-American communitycommunity surrounding the subject property by preventing the growth of the community, dividing the community and introducing improper usesuses into the community to decreaseuses into the community to decrease pro or curtailing the voting power of the community.

59.59. Defendants actions were carried ou59. Defendants a discriminatediscriminate against African-Americans by denying them contrac whichwhich were rwhich were requiwhich were required to protect and community,community, bycommunity, by limiting the plaintiffs community, by li Board,Board, by interferingBoard, by interfering with and limiting the plain presentpresent evidence before thepresent evidence before the Board, diminis

thethe the Afrithe African-American Community, and denying that community benefitbenefit from the laws and prbenefit from the laws and proce protectionprotection of persons and property than is enjoyed by white citizens.

WHEREFORE,WHEREFORE, Plaintiffs request that the Court issue a permanent injunction preventing use of the property for purposes other than specifiedspecified in the plan of the Redevelopment Agreemespecified in th untiluntil the construction has been undertaken and completed and a certificatecertificate of comcertificate of completicertificate of Redevelopment Agreement.

**Count IV - 42 U.S.C.A. § 1985**

60. The allegations of paragraphs 1 through 59 of this complaint are alleged herein as if fully set forth.

61.61. The defendants acted to conspire to deprive plaintiffs of thethe equal protection of the law, substantive and prthe equal protectio process.

62. In furtherance of that conspiracy, the defendants acted toto prevent rto prevent residto prevent residential redevelopment of the then conspired to and did approve the construction of a malignant commercial use in the plaintiffs community.

63.63. 63. The d63. The defendants actions have injured the plai

thatthat theirthat their property values have been damaged, their persons beenbeen displaced and their voting power as a community has been curtailed.

WHEREFORE,WHEREFORE, Plaintiffs request that the Court issue a permanent injunction preventing use of the property for purposes other than specifiedspecified in thespecified in the plan specified in the plan of th untiluntil the construction has been undertaken and completed and a certificatecertificate certificate of cocertificate of completion Redevelopment Agreement.

**COUNT V - VIOLATION OF THE FAIR HOUSING ACT**

64. The allegations of paragraphs 1 through 63 of this complaint are alleged herein as if fully set forth.

65.65. The Fair Housing Act, 42 U.S.C. §§ 3601-3619, forbids discriminationdiscrimination against any person in the provision of hou facilitiesfacilities because offacilities because of race, color, religion, or national origin.

66.66. Defendants ac66. Defendants acted66. Defendants acted to American community and prevent the reconstruction of such housing based upon the plaintiffs race or color.

WHEREFORE,WHEREFORE, Plaintiff s request that the Court issue

permpermanenpermanentpermanent injunction preventing use of the property f otherother than specified in the plan of thother than specified in the pla unlessunless and untilunless and until the construction has been undertaken a andand a certand a certificatand a certificate of completion issued in Redevelopment Agreement.

**COUNT VI - LAND USE APPEAL**

67. The allegations of paragraphs 1 through 66 of this complaint are alleged herein as if fully set forth.

68. TheThe Court has jurisdiction over the land use appeal pursuantpursuant to pursuant to its pursuant to its pendens jurisdictio 1367.

69. PlaintiffsPlaintiffs Taliaferro, and Alexander, appeal from the remand decision of the Darby Township Zoning Board, regarding the property at Hook Road and Burton Avenue.

70. Plaintiffs Taliaferro and Alexander are abutting owners to the subject property who appeared as protestants-objectors and were recognized as parties in the Zoning Board proceedings in the above matter.

71. The Board issued a written decision on May 9, 2003, but has not made any finding of fact or conclusions of law.

72.72. The Board s action was an abuse of discret72. The Board s error of law contrary to the Zoning Ordinance, Section 10910.2 of

thethe MPC, and contrary to the health, safety and welfare in that the Board Board s decision ignoresBoard s decision ignores and/or violates the the following respects;

a.a. Thea. The applicant failed to present substantial evidence thatthat thethat the property is burdenedthat the property is burdened by an u a variance in that there was no evidence that the property itself was burdened by any hardship related to the land.

b.b. The applicantb. The applicant failed to presentb. The appl thatthat that the properthat the property has no value for any purpose pe zoningzoning ordinance in thatzoning ordinance in that the azoning ordi testimonytestimony was credible, testimony was credible, onlytestimony was did no analysis of other alternatives.

c.c. The Board erred as a matter of law in thac. The Bo disregarded the very heavy burden imposed on the applicant by the variance test.

d.d. The Board erred as a matter of law because mere economiceconomic hardship, or showing that a property coueconomic hardshi moremore profitably if a variance were granted, is insufficient to support the grant of a variance.

e.e. The applicant failed to present any evidence of hardshiphardship caused by the physical circumhardship caused by the phy ThereThere are no physical characteristics, such aThere are no ph irregularity, narrowness, or other peculiar conditions that would

make compliance with the ordinance impossible.

f.f. The Board abused its discrf. The Board abused its d mattermatter of law because the Board has no power to grant a variance unlessunless the alleged hardship is special and peculunless the all applicant'sapplicant's property and the only hardship that the applican alleged was a general hardship to the community.

g.g. It was an abuse of discretion and error of law to grantgrant the variance because the only alleged hardship was selgrant inflicted in that the applicant purchased the property well above its value gambling on the hope that she could get a variance.

h.h. As admitted by the applicant s expert, the variance willwill alter the character of the neighborhood because it would have aa negative effect on the attractiveness of the area for residential use.use. Moreover, Geoff use. Moreover, Geoff Grause. Moreover, Geo planner,planner, testified that this use was incplanner, testified t residential use and would harm the surrounding neighborhood.

i.i. The variance will frustrate the purposes of the UrbanUrban Urban RenewaUrban Renewal Plan which required residential use a public s interest in development of affordable housing.

j. There was no evidence presented that the requested variancevariance was the minimum variance and, ifvariance was the minimum var propertyproperty clearly could be used for some mixed resideproperty cl commercialcommercial use or a different kind of residential use as was

proposed in 1998 either of which would be a lesser variance.

k. The variance is contrary to the public interest in thatthat it will force all traffic wishing tothat it will force all traffic w oror enter the storage sheds from the westbound lane of Hook Road to turn around using the neighboring residential streets. This will increaseincrease all traffic and introduce increase all traffic and int residential neighborhood.

l. Despite neighbors evidence, there was no evidence thatthat the applicant would or could prevent illegal, combustible, and/orand/or restricted types and/or restricted types of matand/or rest units.

m.m. The Board abused its discretionm. The Board abused its disc thethe protestants a continuancethe protestants a continuance to obtain rebut thethe applicantthe applicant s exthe applicant s expert who was neve meeting, although it had previously continued the case.

n. The Board erred as a matter of law by not striking anand/orand/or and/or relying on hearsay testimony regarding material is including,including, but notincluding, but not limited to, allincluding, but was hearsay and applicant refused to disclose who the witness had spoken to or present the source for cross examination.

o.o. The action impermissio. The action impermissibly fao. communitiescommunities and discriminates against African-Americans based o racerace in that the variance is designed to limit the growth of the

AfricanAfrican African AmerAfrican American community in Darby Townsh undesirable uses upon African-American residential neighborhoods.

WHEREFORE,WHEREFORE, for the foregoing reasons, plaintiffs respectfully praypray that the Court vacate and set aside the variance, and deny the variance.

JURY TRIAL DEMANDED

ROBERT J. SUGARMAN
Atty. I.D. No. 03332
CARL W. EWALD
Atty. I.D. No. 85639
Counsel for Plaintiffs

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated: June 9, 2003