IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEE TALIAFERRO and SAMUEL C. ALEXANDER,** | : | **CIVIL ACTION** |
| Plaintiffs, <u>Pro</u> <u>Se</u> | : | |
| v. | : | |
| **DARBY TOWNSHIP ZONING BOARD, ET AL.,** | : | |
| Defendants. | : | No. 03-3554 |

**M E M O R A N D U M**

PRATTER, J.                                                                                                          JULY 22, 2008

      This litigation has had a lengthy and challenging history. The remaining defendants in this action, Darby Township Zoning Hearing Board, Darby Township, and certain individually-named defendants (collectively, "Defendants"), now move to dismiss this action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiffs have not responded to the motion. For the reasons discussed below, Defendants' motion will be granted, bringing this case to a conclusion.

**FACTUAL AND PROCEDURAL BACKGROUND**

      The facts underlying the Plaintiffs' Amended Complaint are discussed at length in the Court's March 23, 2005 Memorandum. See <u>Taliaferro v. Darby Twp. Zoning Bd.</u>, No. 03-3554, 2005 U.S. Dist. LEXIS 4717, at *1-8 (E.D. Pa. Mar. 23, 2005). For purposes of evaluating the pending defense motion, even though Plaintiffs have not responded to it, the Court has reviewed the factual averments contained in paragraphs one through 18 of Defendants' Motion for Involuntary Dismissal Under Rule 41(b) (Docket No. 97), and finds them to accurately convey the procedural history of this matter. The history presents the factual underpinnings of the defense motion.

**LEGAL STANDARD**

Rule 41(b) provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Thus, dismissal of an action under Rule 41(b) is a matter entrusted to the sound discretion of the trial court. Curtis T. Bedwell & Sons, Inc., v. Fidelity Ins. Co., 843 F.2d 683, 691 (3d Cir. 1988).

Failure to prosecute an action can take many forms, e.g., a failure to comply with court orders, failure to respond to discovery, or a failure to act. It does not require that a party take affirmative acts to delay a case. Eley v. Ivens, No. 02-362, 2008 U.S. Dist. LEXIS 25159, at *6-7 (D. Del. Mar. 31, 2008) (citing Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994)). To review a motion under Rule 41(b), the Court must examine the procedural history of the case. Marshall v. Sielaff, 492 F. 2d 917, 918 (3d Cir. 1974). The "decision to dismiss an action is made in the context of the court's ongoing contact with the litigant." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). However, in the Third Circuit, in large measure "the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct." Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990).

Our court of appeals has provided the following nonexclusive factors for district courts to consider in determining whether dismissal with prejudice is appropriate: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions, other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Not all factors need to be satisfied for a district court to dismiss a complaint.  Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).

When a litigant's conduct makes adjudication of the case impossible, however, such balancing under Poulis is unnecessary.  See Azubuko v. Bell Nat'l Org., 243 Fed. App'x 728, 729 (3d Cir. 2007) (non-precedential) (affirming dismissal when plaintiff's initial complaint provided neither a basis for the district court to proceed with his case nor for an opposing party to respond to his allegations, and plaintiff failed to comply with the court's explicit order to make his allegations plain by filing an amended complaint) (citing Guyer, 907 F.2d at 1429-30); cf. Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994) ("Ordinarily, when a court is determining sua sponte or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute, and the plaintiff is opposing the motion, the court must consider [the Poulis] factors in reaching its decision . . . .").

**DISCUSSION**

In this case, the Court finds that the Plaintiffs' own action - or, more precisely, the Plaintiffs' failure to respond to the Court's inquiries and admonitions or to take any action to move this case forward during the time they have proceeded pro se – makes adjudication of this case impossible.

As noted, Plaintiffs have not opposed the defense motion.  Defendants filed the motion

on June 20, 2008, and, according to the certificate of service filed with the motion, served it upon the Plaintiffs on the same day. Plaintiffs have had over four weeks to respond to the motion, or otherwise communicate with the Court, and have not done so.[1] Moreover, Plaintiffs have not communicated with the Court in any fashion since March 5, 2008, when, following a lengthy period of time during which the Court encouraged counsel and Plaintiffs to address the pendency of this litigation, their former counsel withdrew as counsel in this case. Therefore, an analysis of the Poulis factors is unnecessary.[2] Plaintiffs' inaction after notice and failure to respond to the

---

[1] In this District, Local Rule 7.1(c) provides that unless the parties agree on a different schedule or the Court directs otherwise, a party opposing a motion must serve a response within fourteen (14) days after service of the motion and supporting brief. E.D. Pa. Local R. Civ. P. 7.1(c). In addition, the rule provides that "[i]n the absence of timely response, the motion may be granted as uncontested . . . ." E.D. Pa. Local R. Civ. P. 7.1(c).

[2] Defendants also argue that application of the Poulis factors weighs against the Plaintiffs in this case. Although the Court is not required to consider the Poulis factors when, as in this case, plaintiffs fail to respond to the defense motion and when the plaintiffs' own conduct makes adjudication of the case impossible, application of the Poulis factors, to the extent possible in light of Plaintiffs' inaction in this case, also warrants dismissal under Rule 41(b).

Stated briefly, with respect to the first Poulis factor – the extent of the party's personal responsibility – the Plaintiffs are responsible for their actions following their counsel's formal withdrawal on March 5, 2008. Pro se litigants have a "personal responsibility for the conduct of the litigation" because they represent themselves. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992). Before he withdrew, Plaintiffs' counsel represented to the Court that he was keeping Plaintiffs abreast of all proceedings relating to this matter, including sending them copies of the Court's Orders. Moreover, after counsel withdrew, the Court sent copies of all orders and notices to the Plaintiffs' respective home addresses, and Defendants served their defense motion upon the Plaintiffs at their home addresses as well. Thus, Plaintiffs were aware of the ongoing proceedings in this case, and are responsible for their inaction.

As to the second Poulis factor – the prejudice to the Defendants – certainly, Defendants are prejudiced by the Plaintiffs' complete inaction. Other than to do what they have now done, Defendants cannot defend an action that Plaintiffs do not pursue.

The third factor – a history of dilatoriness – supports a finding of dismissal and does not need to be expounded upon beyond the Court's discussion of the Plaintiffs' recent inaction, except to say that this case has moved extremely slowly since approximately September of 2007, albeit largely due to Plaintiffs' former counsel's dire health condition. Neither counsel nor Plaintiffs are to blame for delays caused by counsel's legitimately serious health concerns.

defense motion to dismiss this case warrant dismissal for failure to prosecute under Rule 41(b).

In short, since proceeding pro se from March 2008 onward, Plaintiffs have made no contact with the Court whatsoever. Plaintiffs have taken no action, and have expressed no explicit intention to proceed with this case. Indeed, Plaintiffs disregarded the Court's Order of February 8, 2008 (Docket No. 92), requiring them, within 45 days, to (1) respond to Defendant Delaware County Redevelopment Authority's Motion for Judgment on the Pleadings (Docket No. 80); (2) Supplement their existing response to Defendant Maureen Healy's Motion to Dismiss (Docket No. 77); or (3) request leave to supplement further their Amended Complaint as suggested in the Plaintiff's Motion for Leave to File Supplement to Amended Complaint (Docket No. 87). At that time, Plaintiffs were still represented by counsel, but counsel had informed the Court that he intended to seek leave to withdraw from the case, that he had informed Plaintiffs of his intention to withdraw (and Plaintiffs had consented), and that Plaintiffs were actively seeking replacement counsel. When Plaintiffs' counsel sought to leave to withdraw (Docket No. 93), and the Court granted counsel's request on March 5, 2008 (Docket No. 94), the Court provided Plaintiffs until March 24, 2008, which constituted the balance of the 45 days provided to

---

However, prior to counsel's withdrawal, as reflected on the docket, the Court permitted numerous delays sought by Plaintiffs, presumably requested in order to enable Plaintiffs to seek replacement counsel. Once counsel formally withdrew, the Court would have expected Plaintiffs to contact the Court in some fashion in order either to inform the Court that Plaintiffs were still seeking replacement counsel, that they intended to proceed pro se, or that they did not intend to proceed at all. Instead, as noted above, the Court has heard nothing from Plaintiffs.

The Court expresses no views as to the fourth and fifth Poulis factors because the Court cannot judge whether Plaintiff's failure to prosecute is willful or in bad faith, and the possible effectiveness of sanctions other than dismissal, in light of Plaintiffs' absolute inaction here, is not at issue.

Finally, as to the sixth factor – the meritoriousness of the Plaintiffs' claims – the Court also expresses no views because, considering the lack of discovery or argument from Plaintiffs, the Court is unable to evaluate the merits of the claims.

Plaintiffs in the Court's February 8 Order, to respond to the outstanding defense motions and/or further amend their Amended Complaint. Again, the Court received no response at all from or on behalf of the Plaintiffs.

Thereafter, the Court granted the Delaware County Redevelopment Authority's unopposed Motion for Judgment on the Pleadings, and, over Plaintiffs' much earlier opposition (submitted while Plaintiffs were still represented by counsel), granted Defendant Healy's Motion to Dismiss. (See Docket No. 95.) In the Court's May 15, 2008 Memorandum and Order granting the defense motions, the Court scheduled a status conference for June 11, 2008. Notice was sent directly to the Plaintiffs. The status conference was scheduled so that the Court could discuss with the parties a schedule for discovery and trial. Counsel for the remaining Defendants appeared at the status conference, but Plaintiffs did not attend the conference, and they did not contact the Court to inform the Court that they did not intend to appear at the conference after receiving notice. Likewise, Plaintiffs did not request any alternative date for the status conference. They simply made no contact whatsoever.

Following the status conference, the remaining Defendants moved to dismiss this matter under Rule 41(b) due to the Plaintiffs' failure to prosecute this case. The motion is unopposed.

**CONCLUSION**

The circumstances of Plaintiffs' inaction described above, and described more fully in Defendants' motion, which accurately documents the procedural history of this litigation, render this suit impossible to prosecute or to defend. Thus, the Court has no reason to expect that Plaintiffs intend to participate in discovery or take any steps towards resolving this case. Therefore, Defendants' Motion for Involuntary Dismissal Under Rule 41(b) will be granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEE TALIAFERRO and SAMUEL C. ALEXANDER,** | : | **CIVIL ACTION** |
| Plaintiffs, Pro Se | : | |
| v. | : | |
| **DARBY TOWNSHIP ZONING BOARD, ET AL.,** | : | |
| Defendants. | : | No. 03-3554 |

**O R D E R**

**AND NOW**, this 22nd day of July, 2008, upon consideration of the Motion for Involuntary Dismissal Under Rule 41(b) filed by Defendants Darby Township Zoning Hearing Board, John Dougherty, Jesse Byrd-Estes, Lamont Jacobs, John O'Neill, William Ryan and Darby Township (Docket No. 97), to which following notice no response has been filed by Plaintiffs, **IT IS ORDERED** that the Motion (Docket No. 97) is **GRANTED**, and Plaintiffs' Amended Complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **CLOSE** this action for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge